## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. Ben Curl<br>2. Jamey Phillips<br>3. Maria Brannon<br><br>　　　　Plaintiffs,<br><br>v.<br><br>1. James Lytal,<br>2. L & Y Group LLC, an Oklahoma<br>　 Limited Liability Company<br><br>　　　　Defendants. | Case No.<br><br><br>ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW** the Plaintiffs Ben Curl, Jamey Phillips, and Maria Brannon, by and through their attorney of record, Caleb M. Salmon, of the SALMON LAW FIRM, and for their claims against Defendants James Lytal and L&Y Group LLC, allege and state as follows:

## PARTIES

1. That Plaintiff Benjamin Curl was, at all times pertinent to this action, employed by Defendants within the Northern District of Oklahoma.  Furthermore, Plaintiff Curl was domiciled in Ohio at all times relevant hereto.

2. That Plaintiff Jamey Phillips was, at all times pertinent to this action, employed by Defendants within the Northern District of Oklahoma.  Furthermore, Plaintiff Phillips was domiciled in Oklahoma at all times relevant hereto.

3. Plaintiff Maria Brannon was, at all times pertinent to this action, employed by Defendants within the Northern District of Oklahoma.  Furthermore, Plaintiff Brannon was domiciled in Georgia at all times relevant hereto.

4.  That Defendants James Lytal is a resident of the Northern District of Oklahoma and domiciled therein.

5.  That L & Y Group LLC has members who are residents of the Northern District of Oklahoma and domiciled therein.

## JURISDICTION AND VENUE

6.  This is a civil action brought pursuant to Section 16(b) of the Fair Labor Standards Act of 1938 regarding unpaid wages and overtime, as amended 29 U.S.C. §201 *et seq.*

7.  Plaintiff Maria Brannon also brings forth a claim against Defendants under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§2000 *et seq.*

8.  Venue is proper in this district and division under 29 U.S.C. §201 *et seq.* and 42 U.S.C. §§2000 *et seq.* because the unlawful employment practices and discrimination occurred within this district and division by a Defendants residing in this district and division.

9.  Defendants are "employers" within the meaning of the FLSA and Plaintiffs are "employees engaged in commerce" within the meaning of the FLSA.

10. Plaintiffs are entitled to the protection afforded by the minimum wage and overtime provisions of the FLSA and have standing under Section 16(b) of the Act to maintain this action.

11. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 42 U.S.C. §2000e-5(f); venue properly rests in this Court under 28 U.S.C. § 1391(b), (c).

12. Plaintiff Maria Brannon timely filed a charge with the Equal Employment Opportunity Commission (hereinafter "E.E.O.C.") and gave the agency ample information in which they could investigate her legal claims and informed the agency of other evidence or information within her control.

13. Plaintiff Brannon was given the right to sue letter on October 30, 2019.  This action is timely filed within ninety days of receipt of the right to sue letter.

## FACTS

14. Plaintiffs incorporate the foregoing paragraphs as if realleged and restated herein.

15. On or about January 18, 2019, Plaintiff Benjamin Curl began his employment as an employee of Defendants.

16. Defendants ended Plaintiff Benjamin Curl's employment on March 27, 2019 and refused to pay him his final paycheck.

17. On or about January 16, 2019, Plaintiff Jamey Phillips began his employment as an employee of Defendants.

18. Defendants ended Plaintiff Jamey Phillips's employment on March 26, 2019 and refused to pay him his final paycheck.

19. On or about February 1, 2019, Plaintiff Maria Brannon began her employment as an employee of Defendants.

20. On or about April 1, 2019, Plaintiff's immediate supervisor, an employee of Defendants, stated that Plaintiff Maria Brannon was not fit for her job because she was a woman and terminated her employment and refused to pay her the final paycheck.

21. During their course of respective employment with Defendants, Plaintiffs regularly performed work in excess of forty (40) hours per week on behalf of Defendants and were not compensated at a rate of one and one-half times their respective hourly rates for that work.

22. Defendants refused to pay Plaintiffs their final paychecks which are due and owing.

23. Plaintiffs do not meet any of the recognized exemptions of the FLSA that would preclude them from receiving time and one-half for work performed in excess of forty (40) hours per week.

24. Defendants terminated Plaintiff Maria Brannon's employment because she is a woman.

25. Defendants paid Plaintiff Maria Brannon less because she is a woman.

**CAUSES OF ACTION**
**FIRST CLAIM FOR RELIEF**
**(FLSA and Unpaid Wages)**

26. That the foregoing paragraphs are incorporated by reference as if set forth verbatim.

27. That at all times material to this action, Plaintiff Benjamin Curl was employed by Defendants and frequently worked in excess of forty (40) hours per week in performance of the duties assigned by Defendants.

28. That at all times material to this action, Plaintiff Jamey Phillips was employed by Defendants and frequently worked in excess of forty (40) hours per week in performance of the duties assigned by Defendants.

29. That all times material to this action, Plaintiff Maria Brannon was employed by Defendants and frequently worked in excess of forty (40) hours per week in performance of the duties assigned by Defendants.

30. That Plaintiffs were not given their final paychecks when their employment was terminated and other wages when Defendants terminated their employment.

31. That Plaintiffs are not exempt from compensation requirements of the FLSA under any of the exemptions set forth in the Act. Defendants has a statutory duty to maintain accurate time records covering all hours worked by Plaintiffs and to compensate them at or above the applicable federal minimum wage for all hours worked.

32. That Plaintiffs are not exempt from overtime requirements of the FLSA under any of the exemptions set forth in the Act. Defendants has a statutory duty to maintain accurate time records covering all hours worked by Plaintiffs and to compensate them at the rate of one and

one-half times (1 ½ times) their hourly wage for all time worked in excess of forty (40) hours per week.

33. That Defendant's failure to maintain accurate time records and to properly compensate Plaintiffs for their wages and overtimes hours worked was a knowing, willful, and intentional violation of the FLSA.

**WHEREFORE,** premises considered, Plaintiffs pray for monetary judgment in their favor and against Defendants, liquidated damages, punitive damages, attorney fees and costs, and all other just and proper relief as deemed appropriate by the court.

## SECOND CLAIM FOR RELIEF
### (Title VII Gender Discrimination and Lily Ledbetter Fair Pay Act)

34. The foregoing paragraphs are incorporated by reference as if set forth verbatim.

35. This claim is brought by Plaintiff Maria Brannon against Defendants.

36. Plaintiff was treated differently because she was a woman.

37. Plaintiff performed a job that required substantially equal skill, effort, and responsibility under similar working conditions as the men she worked with, yet received less pay.

38. Plaintiff was paid less because she was a woman even though she performed the same job.

39. Plaintiff was performing her job adequately and meeting employer expectations.

40. Defendants fired Plaintiff because she was a woman.

41. Defendants engaged in unlawful employment practices by allowing Plaintiff to be treated differently due to her gender and violated Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for:

a.  Back pay and lost benefits;

b.  Front pay;

c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendants and his management and executives;

d.  Attorneys fee and the costs and expenses of this action;

e.  Equitable relief;

f.  Such other relief as the Court deems just and appropriate.

Respectfully submitted,

s/ Caleb M. Salmon

Caleb M. Salmon, OBA # 32272
SALMON LAW FIRM
5800 E. Skelly Drive, Ste. 575
Tulsa, OK 74135
P: 918-524-9500
F: (918) 524-9555
E: caleb@salmonlawfirmok.com