# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA BRANNON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-CV-00032-JFJ |
| L & Y CONSULTANTS LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Mary Brannon's Motion for Attorney Fees and expenses ("Motion for Attorney Fees") (EFC No. 65). The parties in this case have consented to all proceedings before a United States Magistrate Judge.

For the reasons explained below, the Court grants Plaintiff's Motion for Attorney Fees in the amount of $12,564.00 in attorney's fees and $1,186.61 in expenses, for a total award of $13,750.61.

**I.  Background**

According to Plaintiff's Third Amended Complaint, Plaintiff began her employment with Defendant on or about February 1, 2019. ECF No. 32 at ¶ 23. Plaintiff was terminated on or about April 1, 2019. Plaintiff alleged her supervisor told her that she was not fit for the job because she was a woman. *Id.* at ¶ 24. Further, she alleged her employer refused to pay her the final paycheck. *Id.* Plaintiff timely filed a charge with the Equal Employment Opportunity Commission, and she was given her right to sue letter on October 30, 2019. Plaintiff filed this action within ninety days of receipt, asserting claims against Defendant for unpaid wages, gender discrimination, and unequal pay based on gender.

On March 18, 2021, Plaintiff obtained a stipulated judgment against Defendant in the amount of $20,000.00 for her Title VII gender discrimination claim. ECF No. 64. The parties reserved the issue of Plaintiff's attorney fees and costs. *Id*. On April 19, 2021, Plaintiff filed the pending Motion for Attorney Fees, which includes the following attachments: (1) the affidavit of Caleb Salmon, stating that he has been in practice six years and has litigated fourteen employment law cases; (2) the affidavit of Ashley Leavitt, stating that she had been in practice five years and has litigated eight employment law cases;[1] and (3) Exhibit 1, which sets forth these attorneys' time and costs. ECF No. 65. The motion is fully briefed and ripe for consideration.

## II. Plaintiff's Requested Award and Defendant's Objections

Plaintiff seeks a total of $15,495.61 in fees. ECF No. 65 at 4 & 65-1 at 9. As a breakdown, Plaintiff seeks $14,309.00 in attorney fees. *Id.* at 4. Of those attorney fees, Plaintiff claims 37.6 hours at a rate of $275.00 per hour attributed to attorney Caleb Salmon, 16.2 hours at a rate of $225.00 per hour attributed to attorney Ashley Leavitt, and 3.6 hours at a rate of $90.00 per hour attributed to paralegal, Jeanette Reed. ECF No. 65-1 at 3. Plaintiff also seeks $1,186.61 in costs. ECF No. 65 at 4.

Defendant urges the Court to either deny the Motion for Attorney Fees or reduce the award because (1) the hourly rate billed was in excess of a reasonable rate earned by other lawyers of similar experience in this market, (2) the efforts expended by counsel were redundant, and (3) Plaintiff obtained only limited success. ECF No. 66 at 5.

## III. Legal Standards

In a Title VII case, the district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 2000e-5(k). "The most useful starting point for

---

[1] The affidavits do not include any information about hourly rates typically billed to clients by these attorneys.

determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). *See also Hensley*, 461 U.S. at 434 (explaining that the "product of reasonable hours times a reasonable rate does not end the inquiry" and that there are "other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained'"). Although a court may also consider the twelve factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), in determining "subsequent ad hoc adjustments to the lodestar," a court is not required to do so. *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1103 (10th Cir. 2010) (noting that "the *Perdue* Court clearly embraces the lodestar approach as the preferable alternative to the *Johnson* analysis").

With respect to a reasonable rate, courts must "determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1256 (10th Cir. 1998) (quotations omitted). In making these determinations, the court may refer to "affidavits submitted by the parties and other reliable evidence of local market rates for civil rights litigation at the time fees are awarded." *Id.* A plaintiff "must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quotations omitted). If the court does not have adequate evidence of prevailing market rates, the court may also "use other relevant factors, including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257.

With respect to hours reasonably expended, the movant bears the burden of proving "the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quotations omitted). Courts must exclude from the calculation any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "Time records submitted in support of a fee request must reflect the same billing judgment as a bill to a paying client." *Bishop v. Smith*, 112 F. Supp. 3d 1231, 1239 (N.D. Okla. 2015); *see also Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (quotations omitted).

## IV. Analysis

It is not disputed that Plaintiff is a prevailing party based on the stipulated judgment in her favor on the Title VII claim. The Court turns to the reasonableness of the requested fee, including the calculation of the lodestar and whether the lodestar should be reduced based on the results obtained.

### A. Lodestar Calculation

#### 1. Attorney Rates

Mr. Salmon and Ms. Leavitt did not present evidence supporting their requested market rates, such as evidence of what they charge paying clients, evidence of prevailing market rates in the community, or evidence of identical fee awards in other cases. Mr. Salmon and Ms. Leavitt did present evidence of a recent fee award in state court where Mr. Salmon was awarded $250.00 per hour and the associate working with him was awarded $200.00 per hour. *See* ECF No. 67 at 1. They also rely on case law in this district awarding higher or similar rates to their requested rates. Defendant did not present evidence of prevailing market rates but generally argues that the rates are unreasonable.

Based on the evidence presented and the Court's knowledge of prevailing market rates, the Court finds that Plaintiff's requested hourly rates of $275.00 for Mr. Salmon and $225.00 for Ms. Leavitt are slightly high based on their years of practice and employment law experience. The Court reduces these rates to $250.00 and $200.00, respectively. These rates are consistent with the recent rates awarded in the state court action, and are more in line with the Court's knowledge of prevailing market rates for lawyers with Mr. Salmon's six years of experience serving as the managing partner on the case, and Ms. Leavitt's five years of experience serving as the associate on the case.

The Court rejects Plaintiff's reliance on case law from this district to support a $275.00 hourly rate for Mr. Salmon. Although Plaintiff is correct that this Court awarded hourly rates ranging from $300.00 to $400.00 per hour in a civil rights action, those lawyers had over seventeen years and thirty years of civil rights litigation experience, respectively. *See Busby v. City of Tulsa*, No. 11-CV-447-JED-JFJ, 2018 WL 7286180, at *3–4 (N.D. Okla. Oct. 23, 2018), *report and recommendation adopted*, No. 11-CV-447-JED-JFJ, 2019 WL 169686 (N.D. Okla. Jan. 11, 2019). In contrast, Mr. Salmon has only six years of experience and has litigated fourteen (14) federal employment cases.

Plaintiff also relies on a case in which the court awarded a $275.00 hourly rate to attorneys for Farmers Insurance Company in an insurance bad-faith case. *Thomas v. Farmers Ins. Co., Inc.*, No. 16-CV-17-TCK-JFJ, 2020 WL 1673102, at *3 (N.D. Okla. Apr. 6, 2020). In that case, the court found $275.00-$225.00 to be a reasonable range of hourly rates for partners, and $225.00 to be a reasonable rate for associates. *Id.* The Court finds that, although Mr. Salmon was the managing partner in the case, he has only six years of experience. The mid-range of the partner billing rate in *Thomas* is more appropriate than the $275.00 hourly rate awarded to the most senior

trial counsel in the case. Further, the attorneys presented evidence of their actual billing rates to paying clients.

Considering the evidence presented and the Court's knowledge of market rates, the Court finds $250.00 to be the reasonable hourly rate for Mr. Salmon and $200.00 to be the reasonable hourly rate for Ms. Leavitt in this case.

### 2. Redundant Billing

One "factor the court should examine in determining the reasonableness of hours expended is the potential duplication of services." *Case,* 157 F.3d at 1250. If three attorneys are present at a hearing "when one would suffice," compensation may be denied for the excess time. *Id.*

The Court has carefully reviewed all time sheets for redundant billing and finds only one instance of redundant billing. The Court finds that one attorney would have sufficed at the deposition of James Lytal, given the type and nature of the case. Therefore, the two hours billed by Ashley Leavitt to attend the deposition are redundant and will not be included in the award. As to both attorneys' attendance at the pretrial conference, the Court finds both attorneys' attendance to be reasonable. A motion for sanctions based on Defendant's discovery failures was to be discussed at the pretrial conference, and Ms. Leavitt's involvement in discovery justified her attendance. Therefore, this Court holds that this instance is not redundant, and those hours will be included in the award.

### B. Results Obtained

Defendant contends the Court should adjust the fee, because Plaintiff obtained a $20,000.00 judgment, which is less than the amount sought in the Complaint. The Court rejects this argument and finds that the lodestar fee should not be reduced. Plaintiff obtained a judgment in excess of her actual back pay, and this was a substantial result. Plaintiff seeks a modest fee, and Plaintiff's counsel included only that time reasonably expended on this claim in the fee motion.

In the Court's view, Plaintiff achieved a significant result, and Defendant has not overcome the presumption that the lodestar figure represents a reasonable fee. The Court finds no basis for an adjustment to the lodestar calculation based on the results obtained.

V.      **Conclusion**

Plaintiff Mary Brannon's Motion for Attorney Fees and expenses ("Motion for Attorney Fees") (EFC No. 65) is granted in part and denied in part. With the reduction in billing rates and hours explained in this Order, the Court finds Plaintiff is entitled to an **award for fees and costs totaling $13,750.61**. This amount reflects fees for Mr. Salmon at an hourly rate of $250.00 for 37.6 hours, totaling $9,400.00; fees for Ms. Leavitt at an hourly rate of $200.00 for 14.2 hours, totaling $2,840.00; and fees for a paralegal at an hourly rate of $90.00 for 3.6 hours, totaling $324.00. Further, this amount includes requested costs in the amount of $1,186.61.

**SO ORDERED** the 25th day of June, 2021.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**